**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

| | | |
|---|---|---|
| FRANCESCO ANGIULO, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| v. | ) | |
| | ) | Judge. |
| DEPUTY SHERIFF TIMOTHY | ) | |
| CREIGHTON, DEPUTY SHERIFF | ) | |
| PATRICK DILLON, DEPUTY | ) | |
| SHERIFF DERRICK WATERS, | ) | |
| DEPUTY SHERIFF PAUL HILDRETH | ) | |
| individually, and the MCHENRY | ) | |
| COUNTY SHERIFF BILL PRIM. | ) | |

**COMPLAINT**

NOW COMES the Plaintiff, FRANCESCO ANGIULO, by and through his attorneys,

Gregory E. Kulis & Associates, Ltd., and complaining against the Defendants DEPUTY

SHERIFF TIMOTHY CREIGHTON, DEPUTY SHERIFF DERRICK WATERS, DEPUTY

SHERIFF PAUL HILDRETH, individually, and the MCHENRY COUNTY SHERIFF BILL

PRIM, as follows:

1. This is an action for money damages brought pursuant to 42 U.S.C. §1983 and the

statutes and common law of the State of Illinois.

2. Jurisdiction for Plaintiffs' federal claims is based on 28 U.S.C. §§ 1331 and

1343(a). Jurisdiction for Plaintiffs' state claims is based on supplemental jurisdiction pursuant to

28 U.S.C. § 1367(a).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims

arose in this district as alleged below.

**Parties**

1

4. Plaintiff Francesco Angiulo was at the time of the incidents alleged in this Complaint, a resident of Woodstock, Illinois, McHenry County.

5. Natasha Tagai is the mother of a minor daughter she had with the Plaintiff, Francesco Angiulo. Raquel Baldwin is a good friend of Natasha Tagai.

6. The officers referred to in this Complaint, including Defendant-Officers Deputy Sheriff Timothy Creighton, Deputy Sheriff Derrick Waters, Deputy Sheriff Patrick Dillon, and Deputy Sheriff Paul Hildreth are duly appointed and sworn McHenry County Deputy Sheriffs.

7. At all times relevant to this Complaint, the Defendant-Officers were acting in the course and scope of their employment, and under color of law.

8. The Defendant-Officers are sued in their individual capacity.

9. Defendant McHenry County Sheriff Bill Prim is a municipal entity, duly incorporated under the laws of the State of Illinois and is the employer and principal of the named Defendant-Officers of this Complaint.

### Facts

10. In 2021, the Plaintiff and Natasha Tagai, the mother of his daughter, were having legal battles over visitation and custody of their child.

11. On March 16, 2021, at approximately 10:00 a.m., Plaintiff and his minor children were at his home in Woodstock, Illinois.

12. The Defendants Creighton, Waters, Dillon, and Hildreth came to Plaintiff's home demanding entry and announcing they were with DCFS to take Plaintiff's daughter pursuant to a Florida order.

13. The order the Defendants were attempting to serve or enforce had not been properly registered in Illinois.

2

14. The Defendants did not determine if the order was modified and or vacated by Illinois in violation of 750 ILCS 36 et seq.

15. The Defendants, by way of threatened force, entered the Plaintiff's home.

16. The Defendant Timothy Creighton was wearing flash grenades upon his person.

17. This use of force was done in an attempt to intimidate and instill fear into the Plaintiff.

18. The Defendant Officers came to Plaintiffs' home demanding his child and gained unlawful access to his home.

19. Despite being fearful for himself and his family, Plaintiff refused to turn over his daughter.

20. The Plaintiff was able to reach his attorney and thereafter refuted the Defendants, urging them to leave his home.

21. The Defendants had no right to enter Plaintiff's home.

22. The Defendants had no right to inherently threaten the Plaintiff by carrying flash grenades.

23. The Defendants had no authority to enforce the Florida order.

### COUNT I – 42 U.S.C. §1983 Excessive Force Claim

1-23. Plaintiff Francesco Angiulo realleges the above paragraphs 1–23 as if fully set forth herein.

24. Defendant-Officers used force by carrying flash grenades and inferred physical force if their orders were not adhered to.

25. The force used by the Defendant-Officers, was unjustified, unreasonable and unnecessary.

26. The actions of Defendant-Officers were intentional, willful, and wanton.

3

27. Defendant-Officers violated Plaintiff Francesco Angiulo's Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

28. As a result of the Actions of the Defendant-Officers, the Plaintiff Francesco Angiulo suffered fear, pain, suffering, anxiety, and future fear and anxiety.

WHEREFORE, Plaintiff Francesco Angiulo asks that this Honorable Court:

    a. Enter judgment against the Defendant-Officers,

    b. Award Plaintiff compensatory and punitive damages,

    c. Award attorneys' fees and costs, and

    d. Award any further relief that this Honorable Court deems just and equitable.

### COUNT II – 42 U.S.C. § 1983 – Fourth Amendment/Unlawful Search/Entry

1-25. Plaintiff Francesco Angiulo realleges paragraphs 1–25 of Count I as his respective allegations of paragraphs 1-25 of Count II as though fully set forth herein.

26. As a result of the actions of the Defendants, an unlawful entry to Plaintiff's home was accomplished.

27. The actions of the Defendant officers were intentional, willful, and wanton.

28. Defendant-Officers violated Plaintiff's Fourth Amendment rights, guaranteed as by the Fourteenth Amendment, to be free from the unlawful entry to his home.

29. As a result of the actions of the Defendant-Officers, the Plaintiff Francesco Angiulo suffered fear, pain, suffering, anxiety, emotional distress, and future fear and anxiety.

WHEREFORE, Plaintiff Angiulo asks that this Honorable Court:

    a. Enter judgment against the Defendant-Officers, individually, jointly, and
       severally

    b. Award Plaintiff reasonable compensatory and punitive damages,

4

c. Award attorneys' fees and costs, and

d. Award any further relief that this Honorable Court deems just and equitable.

### COUNT III – Intentional Infliction of Emotional Distress Claim | All Defendants

1-25. Plaintiff Francesco Angiulo, realleges the allegations of paragraphs 1-25 of Counts I and II as his allegations of paragraphs 1-25 of Count III as though fully set forth herein.

26. Some or all of the Defendant-Officers, committed conduct that was extreme and outrageous by physically, psychologically, and intentionally putting fear into Plaintiff.

27. The Defendants knew that there was a high probability that their conduct, or lack of conduct, would cause Plaintiff to suffer emotional distress, fear, and anxiety.

28. Plaintiff has suffered severe emotional distress, fear and anxiety as a result of the incident.

WHEREFORE, Plaintiff Francesco Angiulo, asks that this Honorable Court:

a) Enter judgment against the Defendant-Officers, individually, jointly and severally for their actions and inactions,

b) Award Plaintiff reasonable compensatory and punitive damages,

c) Award costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

### COUNT IV - Indemnification Claim Pursuant to 74 ILCS 10/9-102

26. Plaintiff realleges the above paragraphs 1–26 of each Count as their allegations of Count IV as though fully set forth herein.

27. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant McHenry County Sheriff Bill Prim is liable for any judgments for compensatory damages, attorneys' fees and costs, in this case arising from the Defendant-Officers' actions.

5

WHEREFORE, Plaintiffs ask that this Honorable Court order Defendant McHenry County

Sheriff Bill Prim to indemnify the Defendant-Officers for any judgment for compensatory

damages, attorneys' fees and costs in this case arising from the officers' actions.

## **Jury Demand**

The Plaintiff requests trial by jury.

Respectfully submitted,

*/s/ Gregory E. Kulis*
Attorney for Plaintiff

Gregory E. Kulis, No. 6180966
Gianna Gizzi, No. 6332727
Gregory E. Kulis & Associates, Ltd.
30 N. LaSalle Street, Suite 2140
Chicago, IL 60602
p: (312) 580-1830 / f: (312) 580-1839
e: gkulis@kulislawltd.com
e: ggizzi@kulislawltd.com
e: service@kulislawltd.com